# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Amalia D. Savelli,**
**Defendant Below, Petitioner**

**vs.)  No. 18-0463** (Berkeley County CC-02-2017-C-439)

**Robert H. Messick and**
**Carol A. Messick,**
**Plaintiffs Below, Respondents**

**and**

**Amalia D. Savelli,**
**Defendant Below, Petitioner**

**vs.)  No. 18-0790** (Berkeley County CC-02-2017-C-439)

**Robert H. Messick and**
**Carol A. Messick,**
**Plaintiffs Below, Respondents**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Amalia D. Savelli, by counsel Christian J. Riddell, appeals the judgment order of the Circuit Court of Berkeley County, entered on April 24, 2018, awarding specific performance in a real estate transaction (together with indirect and consequential damages) and the circuit court's order, entered on August 22, 2018, denying petitioner's motion to alter or amend an earlier order that granted respondents' motion to enforce the judgment and sanctioned petitioner for her failure to perform. Respondents Robert H. Messick and Carol A. Messick appear by counsel Katherine N. Ridgeway.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2017, Ms. Savelli entered into a contract wherein she agreed to sell her home to Mr. and Ms. Messick before September 7, 2017. Though a contract addendum provided that time was not of the essence, the Messicks (who sold their home) operated under certain constraints. First, they had secured a favorable interest rate through a Veteran's Administration ("VA") loan that would expire after September 21. Second, Mr. Messick was residing in a Holiday Inn and then a rental room, and Ms. Messick cared for her mother in Ohio while the Messicks waited to take

possession of the Savelli residence, which uniquely met their needs because it boasted a mother-in-law suite.

By the end of August of 2017, Ms. Savelli and the Messicks had received an inspection report from the VA's appraiser, requiring the addition of porch railings and two brick retaining walls prior to closing. Ms. Savelli refused to make the required repairs, and the Messicks asked that Ms. Savelli accommodate their making of the repairs, as they were entitled to do under the terms of the contract. Ms. Savelli declined to accommodate the Messicks. Thereafter, Ms. Savelli's agent told Ms. Savelli that she (the agent) would contact Ms. Savelli's home owners' association to obtain approval for the required repairs. Ms. Savelli instructed her agent not to contact the association. Ms. Savelli then contacted the association representative, stating: "[T]ake your time I'm trying to buy more time to get moved. I'm hoping it's going to take several weeks. Then a week for the appraisal. I'd like to settle Oct. 15. So the longer it takes you the better." The Messicks, through their agent, extended an offer to delay the closing, and to allow Ms. Savelli to remain in the home after closing, with no rent obligation, until November 1. Ms. Savelli did not accept the offer. The Messicks requested assurance that Ms. Savelli would honor the contract. She did not give it. Meanwhile, Ms. Savelli communicated to her agent that she would not sell her home to the Messicks.

After these facts were established in a jury trial, the jury found Ms. Savelli in breach of contract and awarded the Messicks consequential damages. The Messicks requested specific performance of the contract, which the circuit court awarded. Despite the circuit court's order that Ms. Savelli perform, the circuit court later found that Ms. Savelli continued to impede the contract by refusing to allow the installation of railings on the home. Based on this finding, the circuit court found Ms. Savelli in contempt of its order. Ms. Savelli appealed the circuit court's judgment order, and then the circuit court's order of contempt. The appeals are consolidated before this Court.

On appeal, Ms. Savelli presents eight assignments of error related to the circuit court's judgment order, and two assignments of error related to its contempt order. Concerning the circuit court's judgment, she argues that the circuit court erred in: 1) denying her pretrial motion to file a third-party complaint naming her agent as a third-party defendant; 2) denying her motions for judgment notwithstanding the verdict based on her allegations that the Messicks were not able to fulfill their contract obligations, and therefore were in breach; 3) failing to give the jury a special interrogatory to determine anticipatory breach by the Messicks; 4) granting specific performance; 5) allowing the testimony of an expert witness not timely disclosed by the Messicks; 6) overruling Ms. Savelli's objection when the Messicks' agent testified that the Messicks were not averse to professional installation of the railings; 7) overruling Ms. Savelli's objection to the Messicks' question to Ms. Savelli's agent about whether Ms. Savelli engaged in intentionally difficult behavior to induce the Messicks to abandon the contract; and 8) overruling Ms. Savelli's objection to the introduction of an e-mail that Ms. Savelli sent to her agent.[1] Concerning the circuit court's

---

[1] The factual statement in Ms. Savelli's brief is almost entirely devoid of citations to the appendix record on appeal. In an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the then-Chief Justice of this Court specifically noted in paragraph 7 that

order finding her in contempt, Ms. Savelli argues that the circuit court incorrectly characterized its contempt order as "civil" in nature, and that the circuit court erroneously failed to distinguish civil contempt from criminal contempt.

We begin with the several assignments of error attacking the circuit court's judgment order. Ms. Savelli's first assignment of error addresses the circuit court's denial of her motion, filed approximately seven months after the Messicks filed their complaint and two weeks prior to a scheduled bench trial, to implead her agent as a third-party defendant. On this issue we note that

> [a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syl. Pt. 1, *Walker v. Option One Mortg. Corp.*, 220 W. Va. 660, 649 S.E.2d 233 (2007)(citations omitted). Ms. Savelli has attributed no abuse of discretion to the circuit court other than to suggest that it unreasonably "rush[ed] this case toward[] trial" to accommodate the Messicks. Moreover, Ms. Savelli offers no reason for the timing of her motion other than to state that she required time to conduct discovery. These are insufficient factors upon which to base an abuse of discretion by the circuit court, and we find no error.

In her second and third assignments of error to the judgment order, Ms. Savelli argues that the circuit court erred in denying her motions for judgment notwithstanding the verdict, and also that the circuit court erred in "failing to include an interrogatory to the jury," both respecting her assertion that the Messicks were unable to perform on the contract. We devote no undue effort to the consideration of the third assignment of error, because it is apparent that the request for a special interrogatory was not made to the circuit court, and Ms. Savelli has not argued that the circuit court's exclusion of the same was plain error. Moreover, Ms. Savelli's argument that the Messicks were unable to perform their contractual obligations—and, thus, in an anticipatory breach—appears to be based on the assertion that the Messicks failed to secure a permit to install the required porch railings. The position is unclear because, rather than presenting her argument with facts supporting this contention, Ms. Savelli devotes four pages of her appellate brief to the quotation of the hearing conducted by the circuit court. But a salient point arising from this quoted passage is this: time was not of the essence to this contract. While the Messicks may have been unable to keep their favorable financing rate, the passage of time did not impede their entitlement

---

> [b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal' as required by rule 10(c)(7)

are not in compliance with this Court's rules. We cite this passage with alarming frequency. The failure of a litigant to perform the simple task of supporting a factual statement is burdensome to this Court and conveys an egregious disregard for our rules and our time.

to go forward on the contract. Several text exchanges between Ms. Savelli and her agent convey her strong aversion to the addition of railings, show that Ms. Savelli represented that she had contacted both her home owners' association and her city permitting agency concerning the railings, and demonstrate that Ms. Savelli did not accommodate the Messicks' attempts to perform the work that they were contractually entitled to do. One of Ms. Savelli's final texts to her agent on the issue stated, "I guess I'm mean [because] I'm not performing in order to get his loan thru. What helps him hurts me. It's not convenient for me, I can't indulge him. It's about me, my house. Alter your loan to buy my house." The evidence shows that Ms. Savelli, and Ms. Savelli alone, impeded this contract, and there was no support for a finding that the Messicks breached in any way. The circuit court did not err.

Ms. Savelli next argues, in her fourth assignment of error, that the circuit court erred in granting the remedy of specific performance because the Messicks had "unclean hands." She offers no basis for her criticism of the Messicks' dealings. Specific performance of a contract is a question that "rests in the sound discretion of the court, to be determined from all the facts and circumstances of the case." Syl. Pt. 2, in part, *Gray v. Marino*, 138 W. Va. 585, 76 S.E.2d 585 (1953). Because petitioner offers no meaningful argument in support of this assignment of error, we find no error on the part of the circuit court.

Ms. Savelli's remaining four assignments of error to the judgment order address the circuit court's evidentiary rulings at trial. We apply the following standard of review to each:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

Syl. Pt. 1, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995).

In the first of these four assignments, petitioner argues that the circuit court erred in allowing the testimony of Peter Corum, who established that the Messicks incurred increased loan costs, on the basis that Mr. Corum's appearance was a "surprise" because Mr. Corum "was not timely disclosed." At the pretrial hearing, the circuit court established that Mr. Corum was disclosed as a potential witness as early as the January preceding an April trial date. Ms. Savelli was not prejudicially surprised. Next, Ms. Savelli argues that the circuit court erred in allowing the Messicks' agent to testify that the Messicks were not averse to the installation of railings by a professional contractor because the agent lacked the competency to testify on that matter. The agent, she states, did not establish personal knowledge. But the agent testified, "Mr. Messick spoke about doing them himself, or hiring a contractor." The agent thus established knowledge and though Ms. Savelli summarily characterizes the testimony as "hearsay," we reject that characterization. The third assignment of error (related to the circuit court's admission of evidence) attacks the circuit court's overruling of Ms. Savelli's objection to a question asked of her agent: "From your experience working with Ms. Savelli, do you think she made this transaction difficult

4

in an attempt to not move forward?" Ms. Savelli's intent could not have been known to her agent, Ms. Savelli argues. We disagree. One need only read the text messages sent by Ms. Savelli to her agent to understand Ms. Savelli's intent. Finally, Ms. Savelli argues that the circuit court erred in admitting into evidence an e-mail, from Ms. Savelli to her agent on September 14, 2017, expressing Ms. Savelli's anger that she was required to allow modifications to her home. What Ms. Savelli does not acknowledge is that the Messicks' counsel obtained the e-mail from the agent, after learning of its existence in the agent's deposition and concluding that Ms. Savelli had not provided the e-mail in response to the Messicks' discovery request. Ms. Savelli's counsel represented at trial that the agent did not provide the document to him, and the Messicks' counsel pointed out that the e-mail originated from Ms. Savelli's account. Ms. Savelli thus had possession. Under these circumstances, we find that the circuit court did not err on this, or any of the above-described evidentiary grounds.

We turn now to Ms. Savelli's two assignments of error concerning the contempt order, both essentially conveying that the circuit court's contempt order was criminal in nature, but failed to provide due process protections necessary in the imposition of criminal contempt sanctions. We disagree. Upon requesting a stay of the enforcement of the judgment order of specific performance, Ms. Savelli was directed to post a supersedeas bond. In the meanwhile, she failed to abide by the circuit court's order prohibiting her from obstructing the Messicks' access to make the required repairs to the home. Though the circuit court granted the stay, it found Ms. Savelli in contempt for thwarting the relief granted to the Messicks in the circuit court's previous order, and ordered her to pay sanctions of $2,500, plus costs and attorney's fees. Because the matter is stayed, Ms. Savelli argues, there is no active court order with which the circuit court can pressure her to comply through civil contempt. She cannot, she argues, purge herself of the contempt. *See* Syl. Pt. 1, *Hendershot v. Hendershot*, 164 W. Va. 190, 263 S.E.2d 90 (1980) ("A contempt will be deemed criminal when a jail sentence is imposed and the contemnor is given no opportunity in the sentencing order for immediate release by purging himself of contempt by doing an act which is within his power to accomplish.") We agree with the Messicks, however, that the circuit court's contempt order in this case was borne of its "inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction." Syl. Pt. 3, in part, *State ex rel. Richmond Am. Homes of W. Virginia, Inc. v. Sanders*, 226 W. Va. 103, 697 S.E.2d 139 (2010)(citations omitted). The trial evidence illustrates Ms. Savelli's history of obstructionist behavior; such obstruction need not be suffered by our circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5